UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 17-055-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SERGIO BUCIO, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

**I.**

Defendant Sergio Bucio was arrested in the Northern District of California on August 14, 2019. A detention hearing was held before United States Magistrate Judge Nathanael Cousins in the Northern District of California. Magistrate Judge Cousins ordered the defendant released on a $50,000.00 unsecured bond. The United States then filed a motion for a stay and revocation of release order. [Record No. 473] This Court granted the motion to stay pending a hearing on the motion for revocation of the release order in this district. [Record No. 476]

Because the § 3142 factors weigh in favor of detaining the defendant pending the resolution of the case, the government's motion to revoke Magistrate Judge Cousins' release order will be granted.

**II.**

Bucio is charged with money laundering in violation of 18 U.S.C. § 1956(h), for his alleged role in laundering $800,000.00 of drug proceeds through a series of structured deposits.

[Record No. 475] He is also charged with money laundering through the bulk transfer of the proceeds of illegal drug transactions. [*Id*.] Testimony presented during the trial of one of Bucio's co-defendants indicates that Bucio held a leadership role in the money laundering scheme. Evidence was presented that Bucio flew in from California to oversee the deposits and accompany some of his co-defendants on a trip to Tennessee for the purpose of structuring deposits in amounts less than reporting requirements at several banking locations. [Record No. 334, pp. 86-87; Record No. 333, p. 151]

A detention hearing was held in the Northern District of California on August 20, 2019, before Magistrate Judge Cousins. [Record No. 477] The United States sought pretrial detention and moved to transport the defendant in custody to the Eastern District of Kentucky. Magistrate Judge Cousins denied the motion and ordered that Bucio be released on an unsecured bond. The United States then filed a motion to stay and revoke the release order pending a hearing in this jurisdiction. It asserted that Bucio presents a clear risk of flight. [Record No. 473] The undersigned granted a stay until a hearing could be held in this district on the motion for revocation of release order. [Record No. 476]

Bucio was born in Mexico and has lived in California since he entered the United States in either 2000 or 2001. It appears that he is residing in the United States illegally, although that fact has not yet been determined with certainty. His parents, siblings, and children from a prior marriage reside in California. Bucio was previously charged with kidnapping, but the charge was later amended to false imprisonment. Bucio was sentenced for that lesser offense in 2014, but it is unclear how much time he actually served following the conviction. He has worked as a landscaper and laborer in California for some period of years.

The United States Pretrial Services Office in the Northern District of California recommended that the defendant be released on a $50,000.00 unsecured bond. Pretrial Services Officer Jalei Kinder suggested that Bucio may be a flight risk because of his illegal status in the United States and his Mexican citizenship. However, Kinder thought this risk was mitigated because Bucio had significant ties to California, long-term residency in that state, and a prior history of "stable" employment. The officer further explained that Bucio also may pose a danger to the community because of the nature of the instant offense and the prior kidnapping charge. However, Kinder believed the risk could be mitigated with certain release conditions. The California probation officer does not have knowledge of the evidence presented during the trial of one of Bucio's co-defendants in this matter or information provided by other co-defendants at the time of their guilty pleas and sentencing proceedings. Additionally, United States Probation Officer Kevin Riley disagrees with the recommendation of the United States Pretrial Services Office of the Northern District of California.

A bond revocation hearing was held on September 13, 2019, during which the government proffered evidence that the defendant poses both a risk of non-appearance and a danger to the community. It explained that the defendant is most likely illegally residing in the country which presents a serious risk of non-appearance. Further, the United States asserted that Bucio's recent conviction for unlawful imprisonment (January 15, 2014) was relatively close in time to his offense conduct alleged in this case. The United States also discussed testimony presented during the trial of a co-defendant, indicating that Bucio traveled from California to Kentucky at the behest of a Mexican drug cartel to teach co-defendants how to structure deposits. Additional testimony was presented that Bucio accompanied several co-defendants on a trip from Kentucky to Tennessee to instruct and assist in structuring deposits.

Finally, the United States cites Bucio's alleged involvement in one bulk transfer of drug proceeds to an undercover officer. The amount of that transfer exceeded $100,000.

Against this evidence, counsel for Bucio asked the Court to consider releasing the defendant on conditions similar to (or in addition to) those imposed by the Magistrate Judge in the Northern District of California. According to Bucio's attorney, those conditions will reasonably assure the defendant's appearance in the district for future appearances and trial and will also reduce any danger that Bucio presents to the public.

### III.

If a defendant is ordered to be released by a magistrate judge, "an attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145. A defendant may be held pending the resolution of his case only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). To overcome this presumption, the United States may prove that no conditions of release can ensure the safety of the community and the defendant's appearance in Court. *Id.* The United States may show by clear and convincing evidence that the defendant presents a danger to the community or others. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Alternatively, it may demonstrate the defendant's risk of non-appearance based on a preponderance of the evidence. *Hazime*, 762 F.2d at 37; *United States v. Curry,* 2006 U.S. Dist. LEXIS 49661 *1, *16 (E.D. Ky. 2006).

The factors the Court considers in deciding whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g). They are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). "Consideration of these factors shall not be construed to modify or limit the presumption of innocence." *Stone,* 608 F.3d 939 at 946; 18 U.S.C. § 3142(j).

First, the nature and circumstances of the offense in issue weigh in favor of revoking the magistrate judge's order and Bucio's conditions of release because they arise in the context of a large drug trafficking scheme. 18 U.S.C. § 3142(g)(1). Bucio is charged for his role in laundering in excess of $800,000.00 in drug proceeds through structured deposits and bulk transfers. Further, evidence was presented during the trial of one of Bucio's co-defendants

that he held a leadership role in the money laundering scheme. [Record No. 334, pp. 86-87] In addition, Bucio has been a fugitive since August 2017.

Second, the Court weighs the evidence against Bucio "in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *Hazime*, 762 F.2d at 37; 18 U.S.C. § 3142(g)(2). In this case, there is substantial reason to believe that Bucio will not appear at trial if released under any conditions which may be imposed, including home detention or electronic monitoring. As noted above, he has been a fugitive since 2017. And while he lacks any ties to this district, evidence has been presented that he has ties to Mexico (and possibly a Mexican drug cartel). The fact that Bucio has family in California does not mitigate this risk of flight, especially in light of their inability to post any security to require his presence at pretrial proceedings and for trial. There also is significant evidence that the defendant poses a danger to the community based on his potential drug cartel connections and because of his prior conviction for a very serious offense. In summary, the evidence regarding Bucio's risk of non-appearance and danger to the community weighs heavily in favor of revoking his conditions of release.

Next, Bucio's history and characteristics also weigh in favor of revoking the release order. Bucio does not have any community, financial, family, or employment ties to the Eastern District of Kentucky. *See United States v. Villegas*, No. 3: 11-CR-28, 2011 U.S. Dist. LEXIS 31774, at *25 (E.D. Tenn. 2011) (citing *United States v. Townsend*, 897 F.3d 989, 995 (9th Cir. 1990)) ("[A]lthough the defendant has ties with the community in which he lives in California, the defendant has no ties with this District, and the Court may consider this fact."). Bucio was born in Mexico and moved to the United States in either 2000 or 2001. His family, community, employment, and financial ties are all in either California and Mexico. *See United*

*States v. Koubriti*, No. 01-CR-80778, 2001 U.S. Dist. LEXIS 19823, at *19 (E.D. Mich. 2001) (noting that the defendant's lack of family ties to the district weighs in favor of detention). Additionally, his prior conviction for false imprisonment is an aggravating factor favoring detention.

### IV.

This is not a close question. Regardless of the standard of review applied, the Magistrate Judge in the Northern District of California erred seriously in concluding that there are conditions of release which may be imposed to insure the defendant's appearance in this district. Likewise, his conclusion regarding the risk the defendant poses to the community if released is clearly wrong. This defendant is a clear and present danger to the community if released and no conditions may be imposed to mitigate that risk.

This Court finds based upon clear and convincing evidence that all of the factors listed in § 3142 weigh in favor of revoking the release order. Simply put, there are no conditions of release that will reasonably assure Bucio's appearance for further court proceedings and the safety of the community.

Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' motion for revocation of the release order [Record No. 473] is **GRANTED**. The release order issued by the United States Magistrate Judge in the Northern District of California is **REVOKED** and **SET ASIDE** as being clearly erroneous.

2. Defendant Sergio Bucio shall **REMAIN** in custody pending trial.

3. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for future court appearance.

Dated: September 13, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky