UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 17-055-DCR |
| V. | ) ) ) | |
| SERGIO BUCIO, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

Defendant Sergio Bucio was involved in a scheme to launder money for a cartel-affiliated drug ring. He assisted in setting up an operation to launder money through bulk cash drops and structured deposits. Bucio also taught some of his co-defendants how to structure deposits and accompanied them on trips to deposit money in out-of-state banks. Based on his role in the money laundering scheme, Bucio pled guilty without the benefit of a plea agreement to two counts of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record No. 497, 527] He was later sentenced to 109 months' imprisonment and a 3-year term of supervised release. [Record No. 527, pp. 2-3]

Bucio appealed his sentence, arguing that this Court overestimated the amount of laundered funds attributable to him. He further contended that he was entitled to a mitigating-role reduction. However, the United States Court of Appeals for the Sixth Circuit affirmed Bucio's conviction and sentence. [Record No. 541] Bucio then sought a writ of certiorari from the United States Supreme Court. The writ was denied on October 12, 2021. [Record No. 549]

Thereafter, Bucio filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting that his attorney was ineffective during the plea phase, pretrial, and sentencing phase. Bucio contends that his attorney, Jarrod Beck, failed to procure an interpreter, failed to provide him with relevant facts, misled him about vital case information, demonstrated "half-heartedness performance," failed to explain the presentence report and objections, failed to notify him of plea negotiations or present the plea document to him, failed to adequately consult with him, and "indicated that [Bucio's] guilty plea would yield a five-year sentence." [Record No. 551, p. 4] Bucio contends that his plea is "null and void" because it was unknowingly, unintelligently, and involuntarily entered because of his attorney's misleading, inaccurate, deceptive advice. [*Id*. at 8.] Bucio argues that, if his attorney had properly informed him, investigated facts, and procured an interpreter, he would not have entered a plea agreement and instead proceeded to trial or sought a more favorable plea offer. [*Id*. at 4, 8.] Bucio provided a declaration detailing many of the above listed allegations and declared "[u]nder penalty of perjury under the laws of the United States that the foregoing [was] true and correct and that this declaration was executed on November 30, 2021." [Record No. 551-1, p. 3]

The United States filed a response in opposition and provided a sworn affidavit from Bucio's former attorney. [Record No. 556] Attorney Beck's statements in his affidavit contradict the declaration provided by Bucio. [Record No. 556-1, p. 1] Summarily, Beck stated that he procured interpreters for all meetings and teleconferences where he and Bucio had substantive discussions, he apprised Bucio of the underlying facts and evidence, provided him with a copy of the presentence report in Spanish, explained the loss calculation and role

adjustment issues, and promptly notified Bucio and reviewed with him all proposed plea offers from the government. [Record No. 556-1, p. 10]

Under 28 U.S.C. § 1746, an unsworn declaration signed under penalty of perjury, is given "like force and effect" to a sworn affidavit, and the conflicting statements in Bucio's declaration vis-à-vis the statements in Beck's sworn affidavit create an issue requiring an evidentiary hearing. 28 U.S.C. § 2255(b) ("Unless the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

Because the Court cannot conclusively determine from the record that the defendant is entitled to no relief, the Court will grant Bucio's request to set the matter for a hearing. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); 28 U.S.C. § 2255(b). Additionally, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.'" *Curry v. United States*, No. 1:09CR-26-R-1, No. 1:12CV-P133-R, 2012 WL 12903995, at * 1 (W.D. Ky. Aug. 24, 2012) (quoting Rule 8(c) of the Rules Governing § 2255 Proceedings). Therefore, the Court will provisionally appoint counsel for Bucio for the limited purpose of representing him at the evidentiary hearing, subject to the receipt of verifying documentation.

Accordingly, it is hereby

**ORDERED** as follows:

1.     Defendant Sergio Bucio's request for an evidentiary hearing [Record No. 551] is **GRANTED**.

      2.      This matter is scheduled for an evidentiary hearing on **Friday, April 22, 2022**, beginning at the hour of **2:00 p.m.**, at the United States Courthouse in Lexington, Kentucky.

      3.      Pursuant to 18 U.S.C. § 3006A, the Court directs the Clerk of the Court to appoint counsel by random draw from the CJA list for the limited purpose of representing Sergio Bucio at the evidentiary hearing. The appointment is provisional, subject to the receipt of verifying documentation.

      4.      The Clerk of the Court shall promptly provide Sergio Bucio with a CJA Affidavit (CJA 23) and Bucio shall return the completed form to the Clerk of the Court with a written confirmation requesting appointment of counsel on or before **Monday, April 4, 2022**.

      5.      The Clerk of the Court is **DIRECTED** to provide a copy of this Order to the United States Marshals Office. The United States Marshals shall secure Defendant Bucio's presence for the hearing. He should be returned to the district at least one week in advance of the hearing to allow consultation with counsel.

      6.      The United States shall secure the presence of Bucio's former counsel, Jarrod Beck, to testify.

Dated: March 14, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky